[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The issue presented is does the plaintiff plead facts sufficient to state a cause of action for recklessness?
It is found that the facts alleged fail to state an action for recklessness and that the defendant's motion to strike should be granted.
In his revised complaint, the plaintiff, John Allen, Jr., alleges that on December 23, 1990, he was stopped in his car at a traffic light when the car owned and driven by the defendant, Robert Lazzari, collided into the rear of the plaintiff's car. The plaintiff alleges that he suffered severe injuries.
In count two, the plaintiff alleges that the defendant's actions were reckless in that he was speeding excessively, he failed to sound his horn, his brakes were not adequate, he endangered lives, he failed to control his car, he failed to use his brakes, he failed to turn his car to avoid the accident and he failed to keep a reasonable distance.
The defendant moves to strike count two on the ground that it fails to sufficiently allege a cause of action for recklessness. The plaintiff opposes the motion, and both parties have filed memorandum of law. The court, McGrath, J., heard the parties' arguments at short calendar. CT Page 4174
A motion to strike tests the legal sufficiency of the facts alleged in the plaintiff's complaint. Practice Book 152(1).
The defendant argues that the allegations in count two fail to state a cause of action for recklessness because the plaintiff merely repeats the allegations in his count for negligence. The defendant contends that these allegations cannot support recklessness nor the plaintiff's prayer for double or treble damages pursuant to General Statutes 14-295.
The plaintiff counters that the allegations suffice because he has alleged statutory violations that support a claim for double or treble damages.
"Recklessness . . . is more than negligence, more than gross negligence . . . . there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted). Dubay v. Irish, 207 Conn. 518, 532,542 A.2d 711 (1988).
It is clear that the allegations in count two do not sufficiently state a cause of action for recklessness. The only facts alleged are that the defendant rear-ended the plaintiff, failed to sound his horn and basically failed to avoid colliding into the plaintiff's car. The allegations in count two are identical to those in count one, which sounds in negligence.
It is found that the allegations in count two fail to sufficiently allege recklessness by the defendant when he allegedly rear-ended the plaintiff's car. Therefore the court grants the motion to strike count two and the prayer for double or treble damages pursuant to count two.
WILLIAM J. McGRATH, J.